IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EIAD BARGHOUTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-00318-GPM-DGW |
| | ) | |
| DAVID HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is a Motion to Reconsider for Appointment of Counsel (Doc. 23) and Motion for Extension of Time (Doc. 50) filed by Plaintiff Eiad Barghouti. For the reasons set forth below, Plaintiff's Motion to Reconsider for Appointment of Counsel is **TAKEN UNDER ADVISEMENT** and the Motion for Extension of Time is **GRANTED**.

**Motion to Reconsider for Appointment of Counsel (Doc. 23)**

A district court "may request an attorney to represent any persona unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no co constitutional or statutory right to appointment of counsel in a civil case. *Santiago v. Walls*, 599 F.3d 749, 760-761 (7th Cir. 2010). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a

plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655)). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Id.*

In this motion, Plaintiff seeks reconsideration of the Court's Order dated March 18, 2010 denying his requests for appointment of counsel (Doc. 18). In support of the motion, Plaintiff submitted letters from seven different law firms that have denied his requests for representation (Doc. 23). The Court finds that Plaintiff has met the threshold burden of showing that he has made a reasonable attempt to obtain counsel on his own. Nonetheless, the Court declines to appoint counsel to represent Plaintiff at this time. At the *Pavey* hearing on November 3, 2010, the undersigned informed Plaintiff that he would be appointed counsel if it is determined that Plaintiff has exhausted his administrative remedies (Doc. 46). At this time, the Court has not made that determination.

Accordingly, Plaintiff's Motion to Reconsider for Appointment of Counsel (Doc. 23) is **TAKEN UNDER ADVISEMENT**. After United States District Judge G. Patrick Murphy enters a ruling on the Partial Motion for Summary Judgment Relating to Exhaustion filed by Defendants Eovaldi, Holder, Lee, Mitchell and Monroe (Doc. 24), the undersigned will reconsider Plaintiff's request for appointment of counsel. Until that time, Plaintiff will continue to represent himself. The Court reminds Plaintiff that he may file a written objection to the undersigned's Report and Recommendations by January 18, 2011 (Doc. 49).

**Motion for Extension of Time (Doc. 50)**

In this motion, Plaintiff seeks an extension of time to submit the USM-285 forms and file an amended complaint identifying the John Doe Defendants. The Court construes this motion as a response to its Order to Show Cause dated December 27, 2010 (Doc. 47). For good cause shown, Plaintiff's Motion (Doc. 50) is **GRANTED**. Plaintiff shall submit the USM-285 forms and file an amended complaint identifying the John Doe Defendants by March 14, 2011.

**IT IS SO ORDERED.**

DATED: January 4, 2011

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**