IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EIAD BARGHOUTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-318-GPM |
| | ) |
| DAVID HOLDER, FRANK B. EOVALDI, WESLEY MONROE, CRAIG S. MITCHELL, TRACY K. LEE, MELODY J. FORD, ROGER E. WALKER, JR., ILLINOIS DEPARTMENT OF CORRECTIONS, SGT. JOHN DOE #1, MED-TECH JOHN DOES ##2-3, and TACTICAL UNIT JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 49), recommending that the motion for partial summary judgment for failure to exhaust administrative remedies filed by Defendants Frank B. Eovaldi and Wesley Monroe (Doc. 24) be denied and that Plaintiff's deliberate indifference to serious medical needs claim against the unknown medical technicians be dismissed for failure to exhaust. The Report and Recommendation was entered on December 30, 2010. Defendants Eovaldi and Monroe filed objections thereto on January 14, 2011. Plaintiff filed neither objections to the Report and Recommendation nor a response to Defendants' objections.

Plaintiff, an inmate currently incarcerated at Pontiac Correctional Center, filed this case

under 42 U.S.C. § 1983 against certain prison officials for constitutional deprivations suffered while he was incarcerated at Menard Correctional Center (Menard). Plaintiff claims that on August 14, 2007, Defendant Holder, a correctional officer at Menard, called Plaintiff a racially derogatory name following a verbal altercation between the two over Plaintiff's request for extra milk with breakfast. Defendant Holder warned Plaintiff that when the tactical unit known as "orange crush" arrived that morning, Plaintiff would "be dealt with according to [Holder's] liking." Later that morning, Sgt. John Doe #1, who is described in the complaint as "five (5) foot, four (4) inches tall, with [silky] blond hair" asked Plaintiff if Plaintiff had a problem with one of his correctional officers and then stated: "Spic your ass is mine." Within moments, Defendants Eovaldi and Monroe, who Plaintiff describes as being members of the orange crush tactical unit, removed Plaintiff from his cell. Plaintiff claims that Eovaldi, Monroe, and four other tactical unit prison guards assaulted him near the end of the gallery. He further claims that Defendants Eovaldi, Monroe, and Sgt. John Doe #1 continued the assault when Plaintiff was outside in the recreational yard area. Plaintiff contends that he was denied medical care for his injuries. After the assault, Plaintiff claims that Defendants Eovaldi and Monroe "had the plaintiff brought up on completely false disciplinary charges of assault, intimidation and threats, insolence, and disobeying orders." Plaintiff claims that members of the adjustment committee, Defendants Mitchell and Lee, violated his rights by failing to properly investigate the charges. He further claims that Defendant Ford, of the administrative review board, and Defendant Walker, director of the department of corrections, improperly rejected Plaintiff's grievance. After the disciplinary charges were issued, Defendant Holder asked Plaintiff: "Who's your daddy now bitch" and walked away. (*See* Doc. 1).

The following claims survived threshold review pursuant to 28 U.S.C. § 1915A: excessive

force against Defendants Eovaldi, Monroe, Sgt. John Doe #1, and Tactical Unit John Does; conspiracy/race discrimination/equal protection against Defendants Holder, Eovaldi, Monroe, Sgt. John Doe #1, Tactical Unit John Does, Ford, and Walker; and deliberate indifference to medical needs against Med-Tech John Does #2 and #3. The Court dismissed what it described as Plaintiff's "grievance claim" against Defendants Ford and Walker because their review of Plaintiff's grievance is insufficient to establish liability. The Court also dismissed Plaintiff's claims against the Illinois Department of Corrections under Eleventh Amendment immunity. (*See* Doc. 6).

The Court now finds several errors in its threshold order. First, Plaintiff's equal protection claims against Defendants Mitchell and Lee were not addressed. Next, the equal protection claims against Defendants Mitchell, Lee, Ford, and Walker must be dismissed for the same reason that the grievance claims were dismissed.

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner.

*See, e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (internal citations omitted). Plaintiff has not pleaded any facts to suggest that Defendants Mitchell, Lee, Ford, and Walker fulfilled their administrative duties in a discriminatory or conspiratorial fashion. Plaintiff simply does not like the

results they reached and concludes that they were biased. Plaintiff's allegations against Defendants Mitchell, Lee, Ford, and Walker are not plausible on their face and, consequently, fail to state a claim to relief against these Defendants. *See generally Bell Atlantic Corp. v. Twombly*, 590 U.S. 544 (2007). Accordingly, Defendants Mitchell, Lee, Ford, and Walker are dismissed with prejudice from this action.

Defendants Eovaldi and Monroe move for summary judgment on the excessive force claims because they are not mentioned in Plaintiff's grievance. Defendant Monroe moves for summary judgment on the equal protection claim because he is not named in the grievance. Magistrate Judge Wilkerson found, after conducting a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), that Plaintiff's failure to identify the members of the orange crush tactical unit does not render his grievances insufficient if, in fact, discovery reveals that Defendants Eovaldi and Monroe were members of such unit. Defendants object to this finding on the basis that Plaintiff failed to give sufficient details in the grievances to allow prison officials to determine against whom the grievances were filed. No objection has been filed to Magistrate Judge Wilkerson's finding that Plaintiff failed to exhaust his medical claims against Med-Tech John Does #2 and #3.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al.,

*Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The Report and Recommendation clearly outlines the basic factual and procedural background of this case, the arguments presented, the applicable law, and the administrative requirements. Therefore, this Court will address only those facts to which Defendants have lodged a specific objection. There is no dispute that Plaintiff exhausted two grievances dated September 29, 2007. The Office of Inmate Issues received one grievance on October 2 and the other on October 3, 2007 (Doc. 25, Exs. C and E). For clarity, the Court will refer to these grievances by the date they were stamped received. The question for the Court is whether Plaintiff sufficiently identified Defendants Eovaldi and Monroe in these grievances.

The two grievances contain virtually identical recitations of the facts. It is clear from the grievances that Plaintiff's "staff conduct" complaint for excessive force lies against the members of the orange crush tactical unit. Nothing in the Illinois Administrative Code requires Plaintiff to identify each member by name. *See* Ill. Admin. Code tit. 20 § 504.810(b) ("this provision does not preclude an offender from filing a grievance when the names of the individuals are not known, but the offender must include as much descriptive information about the individual as possible"). The names of the officers serving on the tactical unit on August 14, 2007, should be easy enough for prison officials to identify to allow them the opportunity to address the complaint administratively. *See generally Jones v. Bock*, 549 U.S. 199, 218-19 (recognizing that the primary purpose of a grievance is to alert prison officials to a problem and not to provide personal notice to a particular

official that he might be sued). Therefore, this Court fully agrees with Magistrate Judge Wilkerson's conclusion that Plaintiff's failure to identify the members of the orange crush tactical unit does not render his grievances insufficient if, in fact, discovery reveals that Defendants Eovaldi and Monroe were members of such unit. Accordingly, at this time, Plaintiff's excessive force claim remains pending against Defendants Eovaldi, Monroe, Sgt. John Doe #1, and Tactical Unit John Does.

Having now read the grievances, the Court's construction of Plaintiff's equal protection claim varies slightly from that outlined in the Court's threshold review order. Plaintiff claims that certain Defendants conspired to violate his constitutional rights on the basis of his race. The overt acts alleged include Defendant Holder's initial remark to Plaintiff that the orange crush tactical unit would "deal" with him; Sgt. John Doe #1's comment: "Spic your ass is mine;" the orange crush tactical unit's assault on Plaintiff; Defendant Eovaldi's false accusations made in the disciplinary report; and the adjustment committee's bias against him. The Court again agrees with Magistrate Judge Wilkerson – for the same reasons explained with respect to the excessive force claim – that if Defendant Monroe was a member of the tactical unit on August 14, 2007, then the grievance is sufficient upon which to base an equal protection claim against him. As set forth above, the Court dismisses the equal protection claim against adjustment committee members Mitchell and Lee. Therefore, this claim remains pending against Defendants Holder, Eovaldi, Monroe, John Doe #1, and Tactical Unit John Does.

For these reasons, the Court **ADOPTS** in part and **MODIFIES** in part Magistrate Judge Wilkerson's Report and Recommendation (Doc. 49), and Defendants' motion for partial summary judgment based on exhaustion of administrative remedies (Doc. 24) is **DENIED**. Plaintiff's deliberate indifference to medical needs claim is **DISMISSED** for failure to exhaust. Defendants

Craig S. Mitchell, Tracy K. Lee, Melody J. Ford, Roger E. Walker, Jr., and Med-Tech John Does ##2-3 are **DISMISSED with prejudice** from this action.

**IT IS SO ORDERED.**

DATED: 03/14/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge