IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EIAD BARGHOUTI, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:09-cv-00318-GPM-DGW |
| D. HOLDER, et al., | ) |
|     Defendants. | ) |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Motion for Agreed Protective Order (Doc. 79), filed on July 5, 2011. In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is a good cause to enter an order protecting the confidential information. Wherefore, the Court hereby **GRANTS** the parties' Motion for Agreed Protective Order.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. The names of the inmates housed at Menard Correctional Center on July 13 and 14, 2007, in North 2 Segregation Cell house, Cell numbers 1-30 through 1-40 and 3-30 and 3-40 shall be kept confidential.

2. The identification of all correctional officers assigned to the tactical team on duty on August 14, 2007, shall be kept confidential.

3. The identification of all sergeants assigned to the tactical unit on August 14, 2007, shall be kept confidential.

4. Any policies and procedures regarding the use of force at Menard Correctional Center shall be kept confidential.

5. Any policies and procedures regarding tactical team unit video recording procedure and for shakedown of inmate cells and inmate extraction of cells shall be kept confidential.

6. Confidential Material shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; (b) personnel who are specifically assisting in this litigation; (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation; and (d) with respect to the materials described in paragraphs 4 and 5 above, only, persons who are questioned with respect to such matters in deposition or at trial. In the event confidential materials are used or discussed in a deposition, those portions of the deposition and any confidential exhibits should be designated confidential on the record and not publicly available.

7. Nothing in this Order shall preclude Plaintiff's counsel from using information obtained through the review of Confidential Material for purposes of this Litigation so long as its nature as confidential material is not revealed. By way of example, only, persons whose identities are Confidential Material pursuant to paragraph 1 above may be interviewed, and potential witnesses with whom confidential information may not be shared may still be asked questions about individuals who are disclosed as being sergeants assigned to the tactical unit on August 14, 2007 (confidential pursuant to paragraph 3 above), so long as in so doing Plaintiff's counsel does not indicate that such person was a sergeant assigned to such tactical unit. Plaintiff may correctly identify the John Doe defendants in his amended complaint even if the source of the correct names of such defendants is Confidential Material.

8. Persons designated in paragraph 6 as persons to whom Confidential Material may be provided shall not use, disclose or disseminate any Confidential Material other than for purposes <u>directly</u> related to this litigation and <u>shall</u> <u>not</u> disclose or disseminate Confidential Material to <u>any</u> others, including the Plaintiff, Eiad Barghouti, #R57069, without prior written permission of the Illinois Department of Corrections or by Order of the Court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the Court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions.

9. A person designated in 6(b), (c) or (d) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the court's jurisdiction. Copies of all such agreements shall be made available to the Department's counsel at the conclusion of this action upon request.

10. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

11. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely. Any documents prepared by counsel or their personnel referring to or quoting from Confidential Material shall also be treated as Confidential and maintained securely.

12. Maintenance of the confidential status of any such Confidential Material shall be subject to further order of this court and nothing herein shall preclude any party from applying to the court for modification of this Order. The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this Order. Counsel shall first seek to resolve by agreement, and without involvement of the Court, any disputes regarding confidential designations.

13. After the termination of this litigation, including all appeals, the portion of the Court's record containing a copy of the Confidential Material shall be ordered <u>sealed</u> so as to prevent dissemination to the public.

**IT IS SO ORDERED.**

**DATED: July 6, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**