IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EIAD BARGHOUTI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-318-GPM |
| | ) |
| DAVID HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes before the Court on a motion for partial summary judgment filed by Defendants Frank Eovaldi, David Holder, Wesley Monroe, and Todd Scott (Doc. 141). Plaintiff, Eiad Barghouti, has filed a response in opposition to Defendants' motion (Docs. 150 and 151). The Court has carefully considered the papers. For the reasons that follow, Defendants' motion for partial summary judgment (Doc. 141) is **GRANTED IN PART and DENIED IN PART**

## FACTS

Plaintiff, an inmate currently incarcerated at Pontiac Correctional Center, filed this 42 U.S.C. § 1983 action against certain prison officials for constitutional deprivations Plaintiff allegedly suffered while incarcerated at Menard Correctional Center ("Menard"). The third amended complaint is the operative complaint (Doc. 108). Count one of Plaintiff's complaint contains a claim for excessive force in violation of the Eighth and Fourteenth Amendments against Eovaldi, Monroe, and Scott (Doc. 108). Count two of Plaintiff's complaint contains conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985 against Holder, Eovaldi, Monroe, and Scott (Doc.

108).

This case centers on several incidents that occurred on August 14, 2007 at Menard. Plaintiff claims Holder called Plaintiff a racially derogatory name after a verbal dispute between the two men. Holder subsequently warned Plaintiff that when the tactical unit known as "orange crush" arrived later that day, Plaintiff would be dealt with according to Holder's liking. Defendant Scott later asked if Plaintiff had a problem with a correctional officer and allegedly told Plaintiff: "Spic your ass is mine."

Later in the day, Eovalidi, Monroe and four other members of the orange crush tactical unit removed Plaintiff from his cell. A planned institutional shakedown had been occurring throughout the week at Menard, which allows personnel to inspect the inmates' cells. According to Plaintiff, Eovaldi, Monroe, and the members of the orange crush unit assaulted Plaintiff near the end of the gallery. Once in the yard, the assault continued by Eovaldi and Monroe, while Scott allegedly directed and encouraged the others.

After the assault, Plaintiff needed medical care for his injuries but Defendants denied him medical care. Additionally, Eovaldi and Monroe created false disciplinary charges against Plaintiff for assault, insolence, and intimidation. When the disciplinary charges were issued, Holder told Plaintiff: "Who's your daddy now bitch."

The members of the adjustment committee, Mitchell and Lee, subsequently failed to properly investigate the charges, according to Plaintiff. Then Walker, the director of the department of corrections and Ford, of the administrative review board, improperly rejected Plaintiff's grievance.

## ANALYSIS

*Legal Standard*

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Board of Educ. of City of Chicago,* 385 F.3d 1104, 1111 (7th Cir. 2004).

*42 U.S.C § 1985 Conspiracy against Holder, Eovaldi, Monroe, and Scott*

Plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1985 fails because of the intracorporate conspiracy doctrine. A § 1985 conspiracy claim may be brought when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).[1] In order to

---

[1] The Court believes a succinct explanation between a § 1985 conspiracy claim and a §1983 conspiracy claim is appropriate. "Although neither § 1983 nor § 1985(3) create any substantive rights, a § 1983 claim generally describes a substantive violation of a right secured by the Constitution or laws, whereas a § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges

maintain a claim under § 1985(3), the following is required: "(1) a conspiracy; (2) a purposeful deprivation of equal protection or privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to person or property or deprivation of a federally protected right." *Donlyn Distribution, Inc. v. BP Amoco Corp.*, 2002 WL 31178008, *5 (N.D. Ill. Sept. 30, 2002) (citing *Triad Assoc., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 591 (7th Cir.1989)).

But, under the intracorporate conspiracy doctrine, a § 1985 claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Here, Plaintiff has asserted a § 1985 conspiracy claim against Eovaldi, Holder, Monroe, and Scott – all of whom are employees of the Illinois Department of Corrections. Moreover, the § 1985 conspiracy claim stems from Defendants actions when carrying out a regularly scheduled shakedown at Menard. These types of shakedowns are critical in keeping the penal institutions safe and free of weapons or contraband.

Plaintiff seeks to avoid the intracorporate conspiracy doctrine by arguing that an exception applies when the conspirators act in their own personal interest. *See Anderson v. Cornejo*, 225 F. Supp. 2d 834, 866 (N.D. Ill. 2002) *rev'd in part, vacated in part,* 355 F.3d 1021 (7th Cir. 2004). However, in *Anderson*, the district court declined to extend the exception Plaintiff seeks to avail itself of because there was insufficient evidence defendants acted solely in their own personal

---

and immunities under the laws." *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1447 (10th Cir. 1990). Under § 1983, a defendant must act under color of state law, but this is not necessary in a § 1985 action. *Id*. "Finally, § 1985(3) requires proof that a conspirator's action was motivated by a class-based, invidiously discriminatory animus; there is no such requirement under § 1983." *Id*. (citations omitted).

interest. *Id*. Here, Defendants were carrying out a task that was within the scope of their employment and critical to the mission of Menard. Accordingly, Plaintiff's attempt to escape the intracorporate conspiracy doctrine fails. Plaintiff's § 1985 conspiracy claim cannot pass.

### *42 U.S.C § 1983 Conspiracy against Holder, Eovaldi, Monroe, and Scott*

Plaintiff's §1983 conspiracy claim survives Defendants' motion for summary judgment. Civil conspiracy claims are cognizable under 42 U.S.C. § 1983. *See, e.g. Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). In order to maintain a §1983 conspiracy claim, Plaintiff "must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). The critical part of a civil conspiracy is an agreement between the parties to inflict wrong or injury upon another and an overt act in furtherance of the agreement. *Hampton v. Hanrahan*, 600 F.2d 600, 621 (7th Cir. 1979) *cert. granted in part, judgment rev'd in part,* 446 U.S. 754, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980).

Here, Plaintiff has presented evidence that a few days prior to the incident, Scott wrote Plaintiff up for disobeying an order. Plaintiff has also offered evidence that Holder told Plaintiff the orange crush would deal with Plaintiff later in the day. There is evidence of a statement made by Scott to Plaintiff when Scott allegedly told Plaintiff "your ass is mine."

Plaintiff has also asserted an unreasonable application of force by Eovaldi, Scott and other members of the orange crush when Plaintiff was extracted from his cell. According to Plaintiff, Scott directed this conduct. Simply put, Plaintiff has made more than conclusory allegations of conspiracy (which is Defendants' primary argument here). Plaintiff has met the burden required

of him at this stage in the litigation to survive Defendants' motion for summary judgment. The § 1983 conspiracy claim shall proceed.

*Plaintiff's Claims against Scott and the Statute of Limitations*

Plaintiff's claims against Scott are barred by the statute of limitations. The Supreme Court has held that a § 1983 action should be characterized as a personal injury claim. *Wilson v. Garcia*, 471 U.S. 361, 279 (1985). Accordingly, a § 1983 claim is "governed by the personal injury statute of limitations in the state where the alleged injury occurred. In applying these state limitations statutes, federal courts also follow the tolling laws of the state where the injury occurred." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Federal law, however, determines the accrual of a § 1983 claim and the claim begins to accrue when Plaintiff "knows or has reason to know of the injury giving rise to the cause of action." *Id*. In other words, "[c]ivil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. It is also important to note that a federal court employing the Illinois statute of limitations for a §1983 claim "must toll the limitations period while a prisoner completes the administrative grievance process." *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

Here, Plaintiff's complaints stem from an incident that occurred on August 14, 2007. The Court has previously found that Plaintiff properly submitted grievances to the Administrative Review Board on October 2 and 3, 2007 (*See* Doc. 69). In reviewing the record, the Court can find no response to these grievances later than September 5, 2008. With September 5, 2008, as the date when the limitations period began to run, Plaintiff had until September 5, 2010, to name Scott in this lawsuit. Although Plaintiff filed his initial complaint on April 23, 2009, Scott did not come

into this case until the third amended complaint on February 3, 2012 – well beyond the limitations period.

Plaintiff also claims the statute of limitations should be equitably tolled. [2] Equitable tolling is a remedy for concealment or other misconduct by the defendant. *Crawford v. United States*, 796 F.2d 924, 926 (7th Cir. 1986). This equitable remedy has also been extended "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990).

Here, there is no indication in the record that Plaintiff was prevented from timely filing suit against Scott because of Defendants' conduct *during the limitations period*. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Although Plaintiff claims he was inhibited from naming Scott because of delayed discovery, these requests were served *after* the limitations period expired. Moreover, there is no indication Plaintiff sought Scott's identity *prior* to the expiration of the limitations period or that Defendants prevented Plaintiff from identifying Scott during the limitations period. Finally, when Plaintiff amended his complaint to add Scott, the amendment did *not* related back to the original complaint. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir.

---

[2] Plaintiff equates equitable tolling with equitable estoppel. These two doctrines, however, are different. *See e.g. Gaiman v. McFarlane*, 360 F.3d 644, 656 (7th Cir. 2004). Equitable estoppel is a remedy that is available when the defendant is responsible for a plaintiff's delay in naming the party. *Id.* When available, equitable estoppel allows the plaintiff to "subtract the entire period of the delay induced by the defendant, or in other words can extend the statutory period by the full amount of the delay." *Id.* There is no indication in the record Plaintiff was prevented from timely filing suit against Defendants because of some conduct on their part, during the limitations period. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Although Plaintiff claims he was thwarted in naming Scott because of late discovery, these requests were still served after the limitations period expired. Equitable estoppel is therefore inapplicable.

2008). The doctrine of equitable tolling does not have a place in this lawsuit. Plaintiff's claims against Scott are barred by the statute of limitations.

*Qualified Immunity*

Defendants claim they are entitled to qualified immunity on Plaintiff's excessive force related claims. In considering whether a defendant is entitled to qualified immunity, the Supreme Court has mandated a two-step analysis. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier v. Katz*, 533 U.S. 194, 200 (2001). First, the Court must determine whether the facts alleged by Plaintiff make out a violation of a constitutional right. *Pearson*, 555 U.S. at 236. If Plaintiff satisfies the first step, the Court must next decide whether the right at issue was "clearly established" when Defendants' alleged misconduct occurred. *Id.* The second step of the analysis is specific to the circumstances of the case.

The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. Plaintiff has the burden of establishing that a constitutional right is clearly established. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). "A constitutional right is clearly established when it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Estate of Escobedo*, 702 F.3d at 404 (citing *Saucier*, 533 U.S. at 201).

Here, Defendants' motion for summary judgment on the issue of qualified immunity is unavailing. It is evident that using force "maliciously and sadistically to cause harm" is a clearly established constitutional right. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). There is evidence and allegations that officers violated this right by assaulting Plaintiff, not in an attempt to

maintain or restore discipline, but rather to inflict harm. In other words, there is a showing that there was more than a mere "malevolent touch" or "a simple act of shoving" *Hendrickson v. Cooper*, 589 F. 3d 887, 890 – 891 (7th Cir. 2009); *Outlaw v. Newkirk*, 259 F.3d 833, 837-838 (7th Cir. 2001). Accordingly, Defendants are not entitled to qualified immunity.

## CONCLUSION

Defendants' partial motion for summary judgment (Doc. 141) is **GRANTED IN PART and DENIED IN PART**. Plaintiff's § 1985 conspiracy claim fails at the summary judgment stage. Moreover, all claims against Defendant Todd J. Scott are barred by the statute of limitations. The Clerk of the Court is **DIRECTED** to **TERMINATE** Defendant Scott as a party to this case. Plaintiff's § 1983 conspiracy claim survives summary judgment. Plaintiff's claim for excessive force in violation of the Eighth and Fourteenth Amendments also remains

**IT IS SO ORDERED.**

**DATED**: September 23, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge